IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-52 (LO) |
| | ) | |
| ABDULLAH ABDOW SAYF | ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for November 10, 2020. As discussed below, we ask that the Court sentence the defendant to a term of imprisonment of 120 months on Count 1 and a consecutive term of imprisonment of 60 months on Count 2 of the Criminal Information, for a total sentence of 180 months.

**I.     Background**

The defendant, Abdullah Sayf, was associated with the criminal enterprise known as the Reccless Tigers.[1] The Presentence Report describes in detail the gang's history, narcotics trafficking, and acts of violence, as well as the various roles of the defendants in this case (Dkt. 12 at ¶¶ 42-87, 113-120). The Fourth Superseding Indictment similarly describes the history and structure of the gang and its decade-long pattern of racketeering activity, including numerous acts of violence, narcotics trafficking, money laundering, obstruction of justice, and other offenses (*see United States v. Peter Le et al.*, No. 1:19-cr-57 (LO) at Dkt. 439).

Abdullah Sayf was born and raised in Northern Virginia, where he lived with his parents and four siblings. He attended local public schools, but he dropped out of Lake Braddock High

---

[1] As used here, the Reccless Tigers includes the Reccless Tigers and its affiliated entities of Club Tiger, Tiger Side, Lady Ts, and the Asian Boyz, and those, like the defendant, associated with them.

School before completing the 9th grade.   He subsequently obtained his GED.

Abdullah Sayf began using and distributing marijuana and prescription drugs at an early age.   He was arrested seven times as a juvenile between the ages of 15 and 18 (Dkt. 12 at 146-48, 155-58), three of which resulted in convictions.   The other charges were dismissed.   In 2017, at age 17, he met Bradley Sullivan (No. 1:19-cr-289) while they were both in juvenile detention.   Sullivan was a member of Club Tiger, and, when they were released, Sayf began obtaining pound quantities of marijuana from Sullivan.   Through Sullivan, Sayf met Peter Le and other members of the Reccless Tigers, although he did not become a member of the gang.   Sayf, like many others selling marijuana obtained from the Reccless Tigers, accumulated a drug debt to Peter Le.

One of Abdullah Sayf's friends was Fahad Abdulkadir.   Abdulkadir and Sayf had known each other for some time, and, as juveniles, they had sold drugs and robbed drug dealers of drugs and money.   Abdulkadir was also involved with Peter Le and the Reccless Tigers, and he was jumped into the gang in May 2018.   Like Sayf, Abdulkadir also became indebted to Peter Le.

In late January 2019, Peter Le approached Abdulkadir about abducting Brandon White in exchange for eliminating Abdulkadir's drug debt.   Knowing that Abdulkadir was close to Sayf and that Sayf knew Brandon White, Peter Le told Abdulkadir that he would also excuse Sayf's drug debt if Sayf would help with his plan.   Abdulkadir and Sayf agreed, which eventually led to the abduction and murder of Brandon White, as set out in detail in Sayf's Statement of Facts (Dkt. 20 at 97-107).

## II.  Sentencing Guidelines

The defendant's restricted guideline range for Count 1 of the Criminal Information, conspiracy to kidnap pursuant to 18 U.S.C. § 1959(a)(5), is 120 months, the maximum sentence for that offense.  His guideline range for Count 2 of the Criminal Information, using and carrying a firearm during and in relation to a drug trafficking offense pursuant to 18 U.S.C. § 924(c), is 60 months (although the maximum sentence for that offense is life imprisonment). The defendant has a criminal history category II.  We ask that the Court adopt the findings of the Presentence Report as to the sentencing guideline factors, the defendant's guideline range, and criminal history.

## III.  The 18 U.S.C. § 3553 Factors

The United States submits that a guideline sentence of 120 months and a consecutive sentence of 60 months is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must take into account when imposing its sentence.

### A.  The § 3553(a)(1) Factors

The Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history, including his criminal history.

#### 1.  The Nature and Circumstances of the Offense

The Court is familiar with the government's investigation and prosecution of the Reccless Tigers and those associated with the gang.  The gang's drug trafficking was extensive, generating millions of dollars in drug proceeds.  Members of the gang distributed marijuana, THC products, cocaine, prescription drugs, ecstasy, and LSD, primarily in Northern Virginia but

3

also in Richmond and other locations. The gang sold its products to middle school, high school, and college students, using social media platforms to market its "brand." Guns were a big part of the gang's image, and gang members armed themselves with handguns, shotguns, and assault rifles as reflected in hundreds of videos and photographs posted on their social media accounts. As the gang's drug networks grew, so did its violence. Those who owed the gang money or offended the gang in some way were threatened, beat up, robbed, firebombed, stabbed, and murdered.

Although Abdullah Sayf was not an official member of the Reccless Tigers, he was associated with the gang, obtaining drugs through Peter Le, and he participated in some of the gang's activities. His drug debt to Peter Le eventually led to his agreement with Fahad Abdulkadir to abduct Brandon White.

### 2. The History and Characteristics of the Defendant

The defendant was born and raised in Northern Virginia. As detailed in the PSR, he had a relatively stable home. His father and mother are both employed, as are his four siblings.

The defendant has used marijuana daily for over three years. He also used prescription drugs regularly. As noted, Abdullah Sayf dropped out of public school but was able to obtain his GED.

### B. The § 3553(a)(2) Factors

Under § 3553(a)(2), the Court must also consider whether a total sentence of 180 months satisfies four additional factors. First, as discussed above, a sentence within this range would certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as the abduction of Brandon White led to his murder.

Second, a sentence within this range would serve to deter others from committing the

same or similar offenses. At the local level, offenses tied to gang activity often result in little or no jail time. The defendant, for example, escaped serious punishment for his arrests because he was a juvenile. Without meaningful sentences, criminal organizations such as the Reccless Tigers will continue to flourish.

Third, a sentence of imprisonment within this range will protect the public from any further crimes by this defendant. The defendant's past history indicates that he acted without concern for law enforcement or the judicial process.

Finally, a sentence within this range may provide the defendant with needed educational or vocational training and any medical or psychological treatment. The Presentence Report notes that the defendant has no vocational skills. He may be well served educational opportunities afforded by BOP.

    C.    The § 3553(a)(6) Factor

Under 18 U.S.C. § 3553(a)(4) and (5), the Court must consider the kinds of sentence and the sentencing range established for the offense under the sentencing guidelines. Under 18 U.S.C. § 3553(a)(6), the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Three defendants in this case have pled guilty to having conspired to abduct Brandon White – Abdullah Sayf, Fahad Abdulkadir, and Kevin Aagesen. This Court recently sentenced Kevin Aagesen to 120 months on the kidnapping charge and 188 months on a drug trafficking offense, for a total sentence of 188 months (No. 1:19-cr-291). The Court will sentence Sayf and Abdulkadir on November 10, 2020. We recommend a total sentence of 180 months for Abdullah Sayf, and we recommend a total sentence of 192 months for Fahad Abdulkadir.

It is difficult to distinguish the relative culpability of three defendants involved in a

kidnapping which resulted in the death of Brandon White.  They all share responsibility for his death, although their overall roles in this case were somewhat different   Sayf was not a member of the gang and had distanced himself from Peter Le by January 2019 because of his drug debt.  Sayf was Brandon White's friend, however, and he was a critical component of the plan to lure White for the gang.   Fahad Abdulkadir was a member of the gang and also had incurred a substantial debt to Peter Le.   He communicated directly with Peter Le prior to and during the kidnapping, and he was present when Brandon White was killed.   Kevin Aagesen had been a trusted member of the gang for some time.   When he was told by Peter Le that he was needed for a "mission," he responded without questioning why, and he too was present with Fahad Abdulkadir when Brandon White was killed.

  We suggest to the Court that because Abdulkadir was involved in the planning of the kidnapping and the recruitment of Sayf, he is slightly more culpable than the other two.   We suggest that Kevin Aagensen is slightly more culpable than Sayf because of his long-standing association with the gang.

  There are many factors that may inform the Court of the relative culpability of a particular defendant.   These include the ages of these three defendants (Sayf, Abdulkadir, and Aagesen), the length of time each of them participated in the enterprise, and their conduct as part of the enterprise (drug distribution, acts of violence, degree of responsibility, etc.).   Taking all of these into account, and considering their respective roles, we believe a sentence of 180 months is appropriate for Abdullah Sayf when compared to the other similarly situated defendants.

IV.     Related Cases

Six defendants associated with the Reccless Tigers have been sentenced by this Court. Brandon Sobotta, No. 1:19-cr-112, conducted a single cocaine transaction for Richard and Spencer Pak involving three ounces of cocaine for $4,600.   His guideline range was 15 to 21 months.   Zu Chang had been arrested by Fairfax County Police in possession of cocaine and marijuana.   Although he was a member of the Reccless Tigers, he was not charged federally as part of the gang's drug conspiracy or RICO enterprise.   Chang pled guilty to single count of possession with intent to distribute cocaine.   His total offense level was a level 21, with a criminal history category of IV, resulting in a guideline range of 57 to 71 months.   Chang was sentenced to 42 months imprisonment (No. 1:19-cr-172 (LO), Dkt. 43).   Tyler Sonesamay (No. 1:19-cr-57 (LO)) was sentenced to 120 months on the drug conspiracy charge, which was the mandatory minimum sentence.   His guideline range, however, was 87 to 108 months.   Tyler Thang Le (No. 1:19-cr-57 (LO)) was sentenced to 135 months on the drug conspiracy charge, which was the low end of his guideline range.   Soung Park (No. 1:19-cr-364) was sentenced to 132 months on the drug conspiracy charge, which was the middle of his guideline range.   As noted, Kevin Aagesen was sentenced to 188 months on the kidnapping and drug conspiracy charges.

**Conclusion**

For these reasons, and for the reasons set forth in the Presentence Report, we ask that the Court sentence the defendant to 10 years imprisonment on Count 1 of the Criminal Information and 5 years imprisonment on Count 2 of the Criminal Information, to be served consecutively to any other criminal sentence.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
James L. Trump
Carina A. Cuellar
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2020, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By:         /s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov